IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-286 |
| | ) | |
| RENE RAMIREZ-REYMUNDO | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Fraud and Misuse of Visas, Permits, and Other Documents, on or about October 29, 2012 | 18 U.S.C. § 1546(a) |
| 2 | Improper Entry by an Alien, on or about October 29, 2012 | 8 U.S.C. § 1325(a)(1) |

### II.  ELEMENTS OF THE OFFENSE

A.  As to Count 1:  Fraud and Misuse of Visas, Permits, and Other Documents, in violation of 18 U.S.C. § 1546(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth in the Indictment, the defendant used or attempted to use a visa, permit or document required for entry into or authorized stay in the United States (18 U.S.C. § 1546(a));

2. That in using said visa or document, the defendant acted willfully and with the knowledge that said visa or document was forged, counterfeited, altered, falsely made or procured by fraud or false statement (18 U.S.C. § 1546(a)).

B. As to Count 2: Improper Entry by an Alien, in violation of 8 U.S.C. § 1325(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant was an alien.

> United States v. Fores-Peraza, 58 F.3d 164, 166-168 (5th Cir. 1995); United States v. Ye, 2004 WL 1810575, at *4 (D.N. Mar. I. Aug. 16, 2004); United States v. Lugo, 289 F. Supp.2d 790, 801 (S.D. Tex. 2003); 8 U.S.C. §1325(a)(1).

2. That the defendant knowingly and intentionally entered or attempted to enter the United States.

> United States v. Fores-Peraza, 58 F.3d 164, 166-168 (5th Cir. 1995); United States v. Ye, 2004 WL 1810575, at *4 (D.N. Mar. I. Aug. 16, 2004); United States v. Lugo, 289 F. Supp.2d 790, 801 (S.D. Tex. 2003); 8 U.S.C. §1325(a)(1).

3. That the defendant entered or attempted to enter the United States at a time or place other than that designated by U.S. immigration officers.

<u>United States v. Fores-Peraza</u>, 58 F.3d 164, 166-168 (5th Cir. 1995); <u>United States v. Pruitt</u>, 719 F.2d 957, 978 (9th Cir. 1983); <u>United States v. Ye</u>, 2004 WL 1810575, at *4 (D.N. Mar. I. Aug. 16, 2004); <u>United States v. Lugo</u>, 289 F. Supp.2d 790, 801 (S.D. Tex., 2003); 8 U.S.C. §1325(a)(1).

### III.  **PENALTIES**

A.   As to Count 1 - Fraud and Misuse of Visas, Permits, and Other Documents (18 U.S.C. § 1546(a)):

1.   A term of imprisonment of not more than ten (10) years (18 U.S.C. § 1546(a)).

2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

B.   As to Count 2:  Improper Entry by an Alien, in violation of 8 U.S.C. § 1325(a)(1):

1.   A term of imprisonment of not more than six (6) months (8 U.S.C. § 1325(a));

2.   A fine of not more than $5,000 (18 U.S.C. § 3571(b)(6));

3.   A term of supervised release of not more than one (1) year (18 U.S.C. § 3583(b)(3)).

### IV.  **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed upon conviction of Count One and $25.00 upon conviction of Count Two, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Not applicable in this case.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

*Margaret E. Picking*
MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942